**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 17-44** |
| **MICHAEL SHAWLEY** | **SECTION "S"** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that defendant, Michael Shawley's, **Motion for Early Termination of Supervised Release** (Rec. Doc. 74) is **DENIED**.

**BACKGROUND**

Defendant, Michael Shawley, is currently under supervision in this court in connection with his March 1, 2017 conviction. The conviction followed his arrest after a crime spree that involved Shawley and others trespassing in a hotel room. Shawley and his counterparts were in possession of drugs, items indicating that they were selling drugs (baggies and a scale), an illegal silencer, a large capacity magazine, and firearms. When confronted, Shawley and his friends fled from hotel personnel, but his girlfriend, C.S., was caught and arrested. Shawley and his friends then decided to commit a robbery to obtain drugs to sell for bail money for C.S. Shawley and his friends identified a victim, broke into the victim's home while the victim was sleeping, restrained him with zip ties, and robbed him at gunpoint. The robbery was planned and premeditated.

After his arrest for these crimes, Shawley pleaded guilty to one count of brandishing a firearm in furtherance of a drug trafficking crime. He was sentenced to 56 months in prison and

three years of supervised release. Shawley began his term of supervised release on February 24, 2025. Thus, he has served over a year and a half of his supervised release term.

Shawley now seeks early termination of supervised release, arguing that he has complied with all requirements of supervised release and attended every drug screen, had no contact with law enforcement, secured and maintained employment, and established a home with his fiancée. The government opposes early termination of supervised release. Defendant's probation officer does not oppose it.

**APPLICABLE LAW**

Under title 18, section 3583(e)(1) of the United States Code, a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. 18 U.S.C. § 3553(a). The United States Sentencing Guidelines state that the question whether "the termination is warranted by the conduct of the defendant and in the interest of justice" should be made by the court "after an individualized assessment of the need for ongoing supervision . . . following consultation with the government and the probation officer. . . ." U.S.S.G. § 5D1.4(b) (citing 18 U.S.C. § 3583(e)(1)). Section 3583(e)(1) "confers broad discretion" on the court in determining whether termination of supervised release is

warranted. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

## DISCUSSION

Shawley has served over one year of his supervised release term. He has met most of the requirements for supervised release, although he did test positive for cocaine use in July of 2025. He also has made commendable progress with employment and other positive life changes.

However, having conducted an individualized assessment, on the record before it, and considering the factors set forth in 18 U.S.C. § 3553(a), the court finds early termination is inappropriate. Shawley participated in a serious, premeditated crime. While he was only twenty years old at the time of the instant offense, Shawley already had two prior convictions, for distribution of marijuana while possessing a firearm at age 19 and for vehicular homicide at age 20. Shawley also had three additional arrests not resulting in convictions, for firearm and narcotics offenses. In addition, Shawley has a history of drug use, and much of his prior criminal conduct appears to have been influenced by his drug use. The court also finds it significant that his one supervised release violation involved the use of cocaine, just over a year ago.

Considering the serious nature and circumstances of Shawley's conduct in the instant case, as well as the history and characteristics of the defendant, the court finds that application of 18 U.S.C. § 3553(a)(1) requires a denial of Shawley's request for early termination. While Shawley appears to be on the right track, keeping him under court supervision serves to help protect the public, provide drug testing and rehabilitation services for the defendant, and deter him from committing additional crimes. Accordingly,

**IT IS HEREBY ORDERED** that defendant, Michael Shawley's, **Motion for Early**

**Termination of Supervised Release** (Rec. Doc. 74) is **DENIED**.

New Orleans, Louisiana, this 9th day of October, 2026.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**